IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALVIN R. DONAHUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| YRC, INC. D/B/A YRC FREIGHT, YRC ) | |
| WORLDWIDE, INC., YRC ENTERPRISE ) | |
| SERVICES, INC., AND YRC REGIONAL ) | **JURY TRIAL REQUESTED** |
| TRANSPORTATION, INC., ) | |
| **SERVE REGISTERED AGENT:** ) | |
| The Corporation Company, Inc. ) | |
| 112 S.W. 7th Street, Suite 3C ) | |
| Topeka, KS 66603 ) | |
| ) | |
| ) | |
| Defendants. ) | |

# COMPLAINT

Plaintiff, Alvin R. Donahue, by and through counsel, states and alleges against YRC, Inc. d/b/a YRC Freight, YRC Worldwide, Inc., YRC Enterprise Services, Inc., and YRC Regional Transportation, Inc. (defendants hereafter at times referred to collectively as "YRC"), for his causes of action for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2(a) (1) ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA"), and the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), as follows:

## PARTIES

1. Plaintiff, Alvin R. Donahue, is a 70-year-old male citizen of the United States, residing at 14128 St. Andrews Drive, Grandview, Missouri 64030, and was at all relevant times

individually or jointly an "employee" of Defendants under Title VII, the ADEA, and Section 1981.

2. Defendant YRC, Inc. d/b/a YRC Freight ("YRC Freight), is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, and authorized to do business and doing business in the State of Kansas. Defendant YRC Freight's principal place of business is located at 10990 Roe Avenue, MS A515, Overland Park, Kansas.

3. Defendant YRC Worldwide, Inc. ("YRC Worldwide") is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, and authorized to do business and doing business within the State of Kansas. Defendant YRC Worldwide's principal place of business is located at 10990 Roe Avenue, MS A515, Overland Park, Kansas.

4. Defendant YRC Enterprise Services, Inc. ("YRC Enterprise") is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, and authorized to do business and doing business within the State of Kansas. Defendant YRC Enterprise's principal place of business is located at 10990 Roe Avenue, MS A515, Overland Park, Kansas.

5. Defendant YRC Regional Transportation, Inc. ("YRC Regional") is a foreign for-profit corporation organized and existing under the laws of the State of Delaware, and authorized to do business and doing business within the State of Kansas. Defendant YRC Regional's principal place of business is located at 10990 Roe Avenue, MS A515, Overland Park, Kansas.

6. At all relevant times, Defendants were "employers" jointly and severally of Plaintiff within the meaning of Title VII, the ADEA, and §1981 and Defendants individually and collectively were engaged in an industry affecting commerce and individually and/or

collectively employed more than 500 persons during each week of each calendar year from January 1, 2018 to the present.

7.    All of the acts, conduct and omissions of Defendants were performed by their agents, representatives and employees while in the course and scope of their agency or employment.

## JURISDICTION AND VENUE

8.    This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the acts complained of involve violations of Plaintiff's rights under federal law, specifically Title VII, the ADEA, and Section 1981.

9.    Venue is proper within this District because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, the unlawful employment practices are alleged to have been committed in this District, and the Defendants have sufficient minimum contacts with this District so as to be considered residents of the State of Kansas for the purposes of the federal jurisdiction and venue statutes.

## FACTUAL ALLEGATIONS

10.    Plaintiff began his employment with Defendants in IT Systems Engineering on or about February 2014 and he continued as a Senior Systems Engineer until his wrongful termination on or about February 6, 2020.

11.    At all times herein mentioned, Plaintiff was an "employee" of Defendants within the meaning of Title VII, the ADEA, and Section1981, and he is entitled to all the benefits and protections of those laws.

12.    Throughout his employment with Defendants, Plaintiff was subject to the control of Defendants as to the means and manner of accomplishing his work as an employee.

3

13.   Defendants individually and/or jointly were "employer(s)" of Plaintiff within the meaning of Title VII, the ADEA, and Section 1981.

14.   Pleading in the alternative, Defendants operated collectively as a single integrated enterprise as the employer of Plaintiff.

15.   Defendants are engaged in the distribution of freight, and they have employed 500 or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

16.   Defendants operate their businesses in a joint and integrated manner such that they effectively are joint employers or an integrated enterprise.

17.   On information and belief Defendants share management services such as check writing, personnel forms, policy manuals and filing of business reports with applicable state and federal agencies.

18.   On information and belief Defendants share payroll and insurance programs; they share the services of certain managers and personnel; they share office space, equipment and storage; they share certain officers and/or directors, and effectively they operate as a single unit.

19.   On information and belief Defendants have centralized control of labor relations in terms of centralized authority over labor and personnel policies, centralized legal management of labor and personnel issues, joint maintenance of personnel records and policies, and intra-organization transfers and promotions of personnel are common between and among Defendants.

20.   Defendants share common ownership and financial control in that they share certain officers and directors and Defendants jointly control their finances, operations, policies and procedures.

21.   Plaintiff was wrongfully terminated on February 6, 2020.

4

22.     Throughout Plaintiff's employment with Defendants, he performed all duties of his positions as required, met or exceeded the expectations of his positions, and received praise, bonuses, raises, promotions, and good reviews for his work.

23.     Plaintiff is a 70-year-old African American (Black) male, and he had worked for Defendants and their predecessor, affiliated, or related entities for six (6) years, until he was wrongfully terminated on or about February 6, 2020.

24.     Plaintiff was the best qualified, oldest and only African American Systems Engineer employed by YRC in his department.

25.     Beginning in November 2019 and continuing through his termination and thereafter, Plaintiff experienced a pattern and practice of discrimination and retaliation based on age and/or race or retaliation in the terms and conditions of his employment.

26.     Plaintiff expressed his objections to this illegal and discriminatory treatment by YRC, however, he continued to be subjected to hostile, discriminatory and retaliatory treatment in the form of biased and discriminatory statements and actions, isolation and exclusion from meetings, denial of PTO hours equivalent to his peers, refusals to return him to employment from his layoff status, refusals to consider or interview him for open positions, and ultimately his wrongful termination without any legitimate reason and in violation of YRC policies and procedures as of February 6, 2020.

27.     Less qualified, younger, non-minority employees who were similarly situated to Plaintiff were retained and not subjected to the same discriminatory and retaliatory actions as he was.

28.     After his termination, Plaintiff was illegally denied the opportunity to be re-hired for various positions at YRC that he was well-qualified for, in spite of his availability and

5

application for such positions, including without limitation the positions of Information Security Engineer II, and Technical Support Specialist II.

29.   On information and belief these positions with YRC were filled by less-qualified, younger and/or non-African-American employees instead of Plaintiff.

30.   The actions of YRC against Plaintiff and other similarly situated African American and/or older employees as set forth above and herein, constitute a pattern and practice of race and age discrimination and retaliation.

31.   The true reasons for the discriminatory and retaliatory employment actions of Defendants against Plaintiff, including but not limited to those adverse actions set forth above, were illegal race and age discrimination, and/or retaliation for his complaints about discrimination.

32.   On February 19, 2020, Plaintiff filed a timely charge of race and age discrimination, and retaliation against Defendants with the Equal Employment Opportunity Commission ("EEOC").  (A copy of the EEOC Charge is attached as Exhibit A.)

33.   On or about September 30, 2020, the EEOC mailed a Notice of Right to Sue to Plaintiff (copy attached as Exhibit B).

34.   This case has been filed within 90 days after Plaintiff received the Notice of Right to Sue from the EEOC.

35.   Plaintiff has met all deadlines, and has satisfied all administrative prerequisites to filing suit.

### COUNT I – RACE DISCRIMINATION (SECTION 1981 AND TITLE VII)

36.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 above.

6

37.     Plaintiff's race (African American) was a motivating and/or but for causal factor in Defendants' intentional decisions to discriminate against him in the terms and conditions of his employment, including, but not limited to, hostile, biased and discriminatory statements and actions, isolation and exclusion from meetings, denial of PTO hours equivalent to his peers, refusals to return him to employment from his layoff status, refusals to consider or interview him for open positions including but not limited to the positions of Information Security Engineer II, and Technical Support Specialist II, and his wrongful termination.

38.     The Defendants knew or should have known of the unwelcome race discrimination of their employees, including Plaintiff.

39.     The Defendants failed to take prompt and appropriate corrective action to end the race discrimination of their employees, including Plaintiff.

40.     The Defendants failed to make good faith efforts to enforce their policies to prevent race discrimination of their employees, including Plaintiff.

41.     During Plaintiff's employment with Defendants, he and similarly situated employees were subjected to an ongoing pattern and practice of discrimination in the terms and conditions of employment including but not limited to a hostile work environment, failures to retain, promote, hire and/or termination that were in fact based on race against African American employees.

42.     The Defendants' conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Section 1981 and Title VII, and is sufficiently culpable to warrant an award of punitive damages.

43.     As a direct result of the Defendants' illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits and other monetary damages

7

associated with loss of work, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants, jointly and severally, on Count I, and requests an award of his actual damages, including but not limited to his lost wages and benefits and other monetary damages, with interest through the date of trial and thereafter, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to including but not limited to reinstatement, pre-judgment interest, post-judgment interest, and any such other relief as the Court deems just and proper.

## COUNT II – RETALIATION (SECTION 1981 AND TITLE VII)

44.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 43 above.

45.     Plaintiff had a good faith, reasonable belief that the Defendants were engaged in unlawful employment practices and violations of federal employment and civil rights as set forth above, including race discrimination and he reported the same to Defendants.

46.     The Defendants retaliated against Plaintiff because of his opposition to unlawful employment practices and his opposition to violations of the federal employment and civil rights of Defendants' employees, by adversely impacting the terms and conditions of his employment, including, but not limited to, continuation and furtherance of a hostile work environment, biased and discriminatory statements and actions, isolation and exclusion from meetings, denial of PTO hours equivalent to his peers, refusals to return him to employment

8

from his layoff status, refusals to consider or interview him for open positions including but not limited to the positions of Information Security Engineer II, and Technical Support Specialist II, and his wrongful termination.

47.   Defendants instead hired, promoted and retained less-qualified employees who had not opposed violations of federal employment and civil rights, all while articulating false reasons for the adverse job actions against Plaintiff.

48.   Plaintiff's opposition to the Defendants' unlawful employment practices and violations of federal civil rights was a motivating and/or but for causal factor in the Defendants' decision to retaliate against him in the terms and conditions of his employment, including but not limited to the continuation of a hostile work environment, refusal to hire plaintiff for positions he sought, the termination of Plaintiff's employment and the other adverse job actions set forth above and incorporated herein.

49.   The Defendants' conduct was outrageous as it maliciously or recklessly violated Plaintiff's rights under Section 1981 and Title VII, and is sufficiently culpable to warrant an award of punitive damages.

50.   As a direct result of the Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants, jointly and severally on Count II, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest through the date of trial and thereafter, damages for emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of

life, harm to reputation, and other nonpecuniary losses, damages for future loss of wages and benefits, punitive damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to including but not limited to reinstatement, pre-judgment interest, post-judgment interest, and any such other relief as the Court deems just and proper.

### COUNT III – AGE DISCRIMINATION (ADEA)

51.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 50 above.

52.   Plaintiff's age was a "but for" determining factor in Defendants' intentional decision to discriminate against him in the terms and conditions of his employment, including, hostile, biased and discriminatory statements and actions, isolation and exclusion from meetings, denial of PTO hours equivalent to his peers, refusals to return him to employment from his layoff status, refusals to consider or interview him for open positions including but not limited to the positions of Information Security Engineer II, and Technical Support Specialist II, and his wrongful termination, and/or Defendants' other disparate treatment of the terms and conditions of Plaintiff's employment.

53.   Defendants instead hired, promoted, and retained substantially younger, less-qualified employees, all while articulating false reasons for the adverse job actions against Plaintiff.

54.   Defendants subjected Plaintiff to illegal age-biased actions, including as set forth above and herein, and by refusing to hire or retain Plaintiff for positions he sought and by terminating Plaintiff's employment based on false, pretextual reasons.

55.   Defendants treated similarly situated, substantially younger and less-qualified employees and applicants better than Plaintiff in the terms and conditions of their employment.

10

56.     On information and belief, Plaintiff was replaced and/or his job duties were assumed by less-qualified, substantially younger employees and substantially younger, less-qualified persons were hired for the positions Plaintiff was seeking including but not limited to Information Security Engineer II, and Technical Support Specialist II.

57.     The discriminatory actions of Defendants detrimentally affected Plaintiff in the terms and conditions of his employment with Defendants.

58.     Defendants knew, or should have known, of the age discrimination against their employees, including Plaintiff.

59.     Defendants failed to take prompt and appropriate corrective action to end the age discrimination against their employees, including Plaintiff.

60.     Defendants failed to make good faith efforts to enforce their policies to prevent age discrimination against their employees, including Plaintiff.

61.     Defendants' conduct was willful and showed complete indifference to or conscious disregard of the rights of Plaintiff under the ADEA, thus justifying an award of liquidated damages.

62.     As a direct result of Defendants' illegal and discriminatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants, jointly and severally, on Count III, and requests an award of his actual, compensatory damages, including but not limited to his lost wages and benefits, with interest through the date of trial and thereafter, damages for future loss of wages and benefits, liquidated damages, all costs including

11

reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, pre-judgment interest, post-judgment interest, and any such other relief as the Court deems just and proper.

## COUNT IV – RETALIATION (ADEA)

63.     Plaintiff incorporates by reference the allegations of paragraphs 1 through 62 above.

64.     Plaintiff had a good faith, reasonable belief that he was being subjected to unlawful employment practices including disparate treatment by Defendants on the basis of his age in the terms and conditions of his employment compared with similarly situated, substantially younger employees, and he reported the same to Defendants.

65.     Defendants retaliated against Plaintiff because of his opposition to unlawful discriminatory employment practices including by subjecting him to hostile, biased and discriminatory statements and actions, isolation and exclusion from meetings, denial of PTO hours equivalent to his peers, refusals to return him to employment from his layoff status, refusals to consider or interview him for open positions including but not limited to the positions of Information Security Engineer II, and Technical Support Specialist II, his wrongful termination, and/or Defendants' other disparate treatment of the terms and conditions of Plaintiff's employment for false, pre-textual reasons as set forth above herein.

66.     Plaintiff's opposition to unlawful discriminatory employment practices was a determining factor in Defendants' decision to subject him to adverse employment actions including those actions set forth above and herein and including the refusal to hire or retain Plaintiff and the termination of his employment.

67.     Defendants' conduct was knowing and willful and intentionally violated

12

Plaintiff's rights under the ADEA, and is sufficient therefore to warrant an award of liquidated damages.

68.     As a direct result of Defendants' illegal and retaliatory actions, Plaintiff has sustained damages in the form of lost wages and benefits, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, harm to his reputation, and other nonpecuniary losses.

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants, jointly and severally, on Count IV, and requests an award of his actual damages, including but not limited to his lost wages and benefits, with interest, through the date of trial and thereafter, damages for future loss of wages and benefits, liquidated damages, all costs including reasonable attorneys' fees, equitable relief as appropriate, including but not limited to reinstatement, pre-judgment interest, post-judgment interest, and any such other relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the trial site for this case.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable in Counts I-IV.

13

Respectfully submitted,

**SIRO SMITH DICKSON PC**

By /s/ Eric W. Smith
    Rik N. Siro            KS FED #77812
    Eric W. Smith         KS #16539
    Athena M. Dickson    KS #21533
    Raymond A. Dake    KS FED #78448
    Ryan P. McEnaney   KS FED #78827
    1621 Baltimore Avenue
    Kansas City, Missouri  64108
    816.471.4881 (Tel)
    816.471.4883 (Fax)
    rsiro@sirosmithdickson.com (email)
    esmith@sirosmithdickson.com (email)
    adickson@sirosmithdickson.com (email)
    rdake@sirosmithdickson.com (email)
    rmcenaney@sirosmithdickson.com (email)

**ATTORNEYS FOR PLAINTIFF**

14